UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 3:24-cr-187-WWB-LLL
    18 U.S.C. § 2251(a)
    (Production of Child Pornography)

FREDERICK KARL HILDENBRAND

# INDICTMENT

The Grand Jury charges:

## COUNT ONE
**(Production of Child Pornography)**

On or about August 25, 2009, in the Middle District of Florida, the Northern District of Ohio, and elsewhere, the defendant,

**FREDERICK KARL HILDENBRAND,**

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT TWO
### (Production of Child Pornography)

On or about November 17, 2012, in the Middle District of Florida, the Northern District of Ohio, and elsewhere, the defendant,

FREDERICK KARL HILDENBRAND,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT THREE
### (Production of Child Pornography)

On or about July 29, 2021, in the Middle District of Florida, and elsewhere, the defendant,

FREDERICK KARL HILDENBRAND,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FOUR
### (Production of Child Pornography)

On or about May 25, 2022, in the Middle District of Florida, and elsewhere, the defendant,

FREDERICK KARL HILDENBRAND,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FIVE
### (Production of Child Pornography)

On or about February 21, 2024, in the Middle District of Florida, and elsewhere, the defendant,

FREDERICK KARL HILDENBRAND,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means.

In violation of 18 U.S.C. § 2251(a) and (e).

## FORFEITURE

1.  The allegations contained in Counts One through Five are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 2253.

2.  Upon conviction of a violation of 18 U.S.C. § 2251(a), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.  The property to be forfeited includes, but is not limited to, the following:

    a. SanDisk 32GB thumb drive seized from W.G. on or about May 15, 2024;

    b. HP laptop seized from defendant's residence on or about August 5, 2024;

    c. REVVL 4+ cell phone seized from defendant's residence on or about August 5, 2024; and

    d. TCL cell phone seized from defendant's vehicle on or about August 5, 2024.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
ASHLEY WASHINGTON
Assistant United States Attorney

By: _____
MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division

5

FORM OBD-34
8/26/24 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

FREDERICK KARL HILDENBRAND

### INDICTMENT

Violations: 18 U.S.C. § 2251(a)

A true bill,

_____
Foreperson

Filed in open court this 28th day of August, 2024.

_____
Clerk

Bail   $_____

GPO 863 525