UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

                CASE NO.    3:24-cr-187-WWB-LLL-1

v.

FREDERICK HILDENBRAND
_____/

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN FILE NAMES / TITLES AND FILE PATHS**

**COMES NOW**, the Defendant, FREDERICK HILDENBRAND, by and through his undersigned counsel, and respectfully moves this Honorable Court pursuant to Federal Rules of Evidence 401, 402, and 403 to prohibit the government from presenting to the jury certain file names / titles and file paths of the charged visual depictions.  In support of this Motion, Mr. Hildenbrand would show:

1.    Mr. Frederick Hildenbrand is charged by Superseding Indictment in Counts 1-7 with Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and is pending trial.  The prosecution's evidence anticipated at trial in the case consists of visual depictions (images and videos) obtained from devices allegedly connected to Mr. Hildenbrand.

2.    To be clear, Mr. Hildenbrand does not object to the government presenting the alleged visual depictions at issue to the jury and identifying the device on which the depiction was found, such as "SanDisk 32GB Thumb Drive" or "Sony Premium Digital Videocassette Mini DV," and the location where the device was allegedly found, such as Mr. Hildenbrand's apartment.

3.      Though the government did not allege the specific file names / titles and file paths

for the visual depictions in the Superseding Indictment, the government has provided a

list of "charged files" for each count that includes the file name / title, file path, and device.

The file names / titles and file paths at issue for purposes of this Motion, which are clearly

not system generated, are:

Count 1

Title:  "XXX [Minor Victim 4's Name] Masturbating Herself"[1]

Count 2

File path – "The THEFT of our children (Disturbing Content) & XXX"

4.      With the exception of Count 3, which has a file path indicative of a date ("1405-

1432 July 5th to July 15th 2006"[2]), the remaining file names and file paths appear to be

system generated, such as:

Count 4

File name - IMG_20210729_220554.jpg

File path – Download\Phone\IMG_20210729_220554.jpg

Device: REVVL 4+

5.      Mr. Hildenbrand is charged under 18 U.S.C. § 2251(a), which provides:

Any person who employs, uses, persuades, induces, entices, or coerces any
minor to engage in, or who has a minor assist any other person to engage
in, or who transports any minor in interstate or foreign commerce, or in any
Territory or Possession of the United States, with the intent that such minor
engage in, any sexually explicit conduct for the purpose of producing any
visual depiction of such conduct, shall be punished as provided under

---

[1] This file name / title is associated with a sticky note that allegedly accompanied a videocassette that contained the visual depiction.

[2] To the extent the date that the video was created is at issue, Mr. Hildenbrand would concede the relevancy of this file path and the other system generated metadata.

subsection (d), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

6. Sexually explicit conduct is "actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A).

7. "Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence." *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013); Fed. R. Evid. 401, 402. A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

8. A plain reading of the statute demonstrates that a defendant's subjective intent or belief that a visual depiction portrays sexually explicit conduct or is arousing is not a fact of consequence. Therefore, his choice to create a file folder (file path) or file name, or post a sticky note to a cassette, indicating such is irrelevant. To find otherwise, would permit the criminalization of objectively innocuous images based on the subjective intent of the defendant based on the file name typed (or adopted) or title given by the defendant. The relevant factual inquiry in this trial is not whether the visual depictions at issue appealed, or were intended to appeal, to the defendant's sexual interests—whatever those interests may be—but whether the visual depictions depict a minor engaging in "sexually explicit conduct."

9.      To make a defendant's chosen file name / title or folder (file path) an issue at trial also implicates the First Amendment.  Reliance on a defendant's chosen words as evidence of what the visual depiction actually depicts transforms otherwise lawful expression into child pornography based solely on a defendant's subjective intent inferred from extrinsic labeling.  The First Amendment forbids criminal convictions predicated on such speech. *See, e.g., Texas v. Johnson,* 491 U.S. 397, 414 (1989) ("If there is a bedrock principle underlying the First Amendment, it is that the Government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable.").  In this case, permitting evidence of certain file names /titles and file paths to supply evidence of illegality criminalizes Mr. Hildenbrand's thoughts, fantasies, or viewpoint, in violation of settled First Amendment principles.

10.      This Court, therefore, should exclude the file name / title and file paths identified above because such evidence is not relevant and admitting such evidence would violate, or at least implicate, First Amendment protections.  But if this Court finds such evidence is relevant and probative and does not implicate First Amendment protections, it should still be excluded because the probative value of a file name / title or file path is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Here, the nomenclature is so inflammatory that Mr. Hildenbrand could be convicted without the jury conducting the proper analysis of the visual depictions themselves – that is whether the visual depictions depict minors engaged in sexually explicit conduct. Further, injecting "The THEFT of our children" file name would open the door to Mr. Hildenbrand presenting evidence of his sincerely held belief that four of his children were stolen from him by Ohio courts over multi-year litigation.  A mini-trial over whether the

4

"The THEFT of our children" nomenclature is related to the Ohio litigation or is a reference to sexual acts would confuse the issues and waste time.

WHEREFORE, Mr. Hildenbrand moves this Court to prohibit the government from introducing at trial the file name / title for Count 1 and the file path for Count 2.

<u>Certificate of Conference</u>

The undersigned counsel conferred with counsel for the United States in a good faith effort to resolve the issues raised in this Motion. The United States indicated it opposes this Motion. I further certify that the matters raised in this Motion are not covered by the Court's scheduling order.

Respectfully submitted,

**/s/ Patrick K. Korody**
Patrick K. Korody, Esq.
Florida Bar No. : 0107361
630 W. Adams Street, Suite 208
Jacksonville, FL 32204
Telephone: (904) 383-7261
Facsimile: (904) 204-9548
Email: patrick@korodylaw.com

5