UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 3:24-cr-187(S1)-WWB-LLL

FREDERICK HILDENBRAND

**GOVERNMENT'S NOTICE OF INTENT TO PUBLISH SELECTED DEPICTIONS OF CHILD PORNOGRAPHY TO THE JURY AT TRIAL**

The United States of America files this notice to the Court and to the defendant that it intends to publish certain video clips and images of child pornography to the jury during the presentation of its case-in-chief at trial.

## BACKGROUND

This case, in which the defendant is charged with seven counts of producing child pornography, is set for trial.   Each count is tied to a specific file or item, four of which are videos, and three of which are still images.   The defendant has been provided with a list of these files/items.   At trial, the United States intends to introduce the full videos as exhibits but publish only the portions below:

- **Count One**: three clips taken from a video that was located on a mini DV videocassette and subsequently digitized as part of this investigation, totaling 33 seconds (of an approximately 29-minute video);

- **Count Two**: a still image;

- **Count Three**: two clips totaling 34 seconds (of a 3 minute and 15 seconds video);

- **Count Four**: a still image;

- **Count Five**: one clip totaling fifteen seconds (of a 1 minute and 8 seconds video);

- **Count Six**: three clips totaling one minute and four seconds; a substantial portion of the clips does not depict child sexual abuse (of a five minute and fifteen seconds video); and

- **Count Seven**: a still image.

## MEMORANDUM OF LAW

Federal Rule of Evidence 403 permits the exclusion of relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice."   The term "unfair prejudice" refers to the "capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."   *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (it is "unquestionably true as a general matter" that "the prosecution is entitled to prove its case by evidence of its own choice").   The Eleventh Circuit has cautioned that Rule 403

> is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility.   We have also said that in reviewing issues under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial effect.

*United States v. Alfaro-Moncado*, 607 F.3d 720, 734 (11th Cir. 2010) (citation and quotations omitted).

Where, as here, a defendant is charged with producing child pornography on multiple devices and different dates, there is nothing unfair or unduly prejudicial in publishing to the jury the relatively small amount of child pornography that the government proposes herein.   Because the defendant is "being prosecuted for exactly what [the evidence] depicts," the Court should reject any Rule 403 challenge.   *See United States v. Hanna*, 630 F.3d 505, 512 (7th Cir. 2010) (citations omitted). Evidence should not be excluded merely because it might be graphic or disturbing.

*United States v. Kapp*, 419 F.3d 666, 667 (7th Cir. 2005); *see also United States v. Morales-Aldahondo*, 524 F.3d 115, 119-20 (1st Cir. 2008) (in a child pornography case, "the court is not required to scrub the trial clean of all evidence that may have an emotional impact, where the evidence is part of the government's narrative." (internal quotations omitted)).

The Eleventh Circuit repeatedly has ruled that publication of child pornography images or videos selected by the government was not unduly prejudicial, even where defendants have offered to stipulate to their content.    *See United States v. Bilus*, 626 F. App'x 856, 869 (11th Cir. 2015) (publication of 11 images and 2 video clips depicting child pornography did not cause unfair prejudice, and any prejudice that may have resulted from publication of these materials was outweighed by their probative value); *United States v. Cray*, 450 F. App'x 923, 934-35 (11th Cir. 2012) (affirming conviction where jury was shown, over defendant's objection, videos of child pornography); *United States v. Ballard*, 448 F. App'x 987, 988-89 (11th Cir. 2011) (affirming conviction where jury was shown, over defendant's objection, 15 images and 3 videos of child pornography, despite defendant's stipulation that the evidence admitted constituted child pornography); *United States v. Miller*, 416 F. App'x 885, 888-90 (11th Cir. 2011). To prohibit the publication of child pornography to the jury would be an abuse of discretion.    *See United States v. Rodriguez*, 797 F. App'x 475, 481 (11th Cir. 2019) (district court's refusal to allow the government to publish child pornography to the jury was abuse of discretion despite defendant's willingness to stipulate that the materials were in fact child pornography).

Additionally, the United States submits that the testimony it will elicit at trial describing the scope and contents of defendant's child pornography collection is

3

admissible under Fed. R. Evid. 701.   *See United States v. Cowan*, No. 3:09-cr-387-TJC-MCR, 2012 WL 5834582 at *2 (M.D. Fla. Nov. 19, 2012) (citing *United States v. Smith*, 459 F.3d 1276, 1297 n.18 (11th Cir. 2006)).   For example, the United States expects to present testimony regarding the approximate number of child pornography images and videos that were in the defendant's possession, the nature of the child pornography (i.e., what is depicted), and lay opinion that the individuals depicted in this material are children.   This testimony is admissible lay opinion evidence.   Fed. R. Evid. 701.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

*/s/ Laura Cofer Taylor*
LAURA COFER TAYLOR
Assistant United States Attorney
USA No. 170
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:  (904) 301-6300
Facsimile:   (904) 301-6310
E-mail:        Laura.C.Taylor@usdoj.gov

4