**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

VS. CASE NO: 3:24-cr-187-WWB-LLL

FREDERICK KARL HILDENBRAND
_________________________________/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion for Judgment of Acquittal, or in the Alternative a New Trial (Doc. 196) and the Government's Response in Opposition (Doc. 201). For the reasons set forth below, Defendant's Motion will be denied.

## I. JUDGMENT OF ACQUITTAL

Federal Rule of Criminal Procedure 29 permits a defendant to move for judgment of acquittal after a guilty verdict by challenging the sufficiency of the evidence to support a guilty verdict. "In deciding a motion for entry of judgment of acquittal under [Rule] 29(c), district courts . . . must view the evidence in the light most favorable to the government and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989) (internal citation omitted). "The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." *Id.* (internal citation omitted). "[T]he court must accept all reasonable inferences and credibility determinations made by the jury." *Id.*

Defendant argues that this Court should enter a judgment of acquittal as to all counts for four reasons: (1) the Court erred in denying Defendant's Motion to Suppress

(Doc. 87), which would have excluded the evidence that formed the basis of Counts Four, Five, and Eleven; (2) the Court erred by admitting evidence of extrinsic character evidence, such as the underwear found in the storage unit safe and evidence of other child molestation; (3) the Court erred by denying Defendant's Motion for Jury Instruction Consistent with Statutory Text and U.S. Constitution (Doc. 149); and (4) there was not sufficient evidence that Defendant either produced or possessed child pornography.

As an initial matter, Defendant's first two arguments do not meaningfully differ from those already raised and rejected before trial. Accordingly, the Court rejects them for the same reasons given in its pretrial orders. (*See generally* Doc. 133; Doc. 179 at 8–12; Doc. 181 at 2–7). Defendant's third argument re-raises those presented in Defendant's Motion for Jury Instruction Consistent with the Statutory Text and U.S. Constitution. In sum, Defendant argues that the definition of a "lascivious exhibition" "refers to the conduct of the actual minor depicted, not to the characteristics of the image itself" and that Defendant's "subjective intent, such as to arouse his own sexual desires, in producing the image is not relevant" as to whether the images in this case depict "sexually explicit conduct." (*Id.* at 2). But Defendant notes that his interpretation of the relevant law is "inconsistent" with the Eleventh Circuit's Pattern Instruction for Production of Child Pornography. (*Id.*). Indeed, Defendant's argument is foreclosed by Eleventh Circuit precedent. *United States v. Holmes*, 814 F.3d 1246, 1252 (11th Cir. 2016) (holding that "[l]asciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or like-minded pedophiles" (quotation omitted)); *see also United States v. High*, No. 23-10601, 2024 WL 3338989, at *3 (11th Cir. July 9, 2024) ("*Holmes* instructed courts to look to the intent of

the producer to determine if an exhibition was lascivious, and directly rejected a requirement that the child must be depicted in a lustful manner as [s]uch an interpretation would pervert both the language and the logic of the legislation and the case law." (quotation omitted)).

As to his fourth argument, Defendant fails entirely to develop his argument with any supportive authority and fails to identify which elements of the charged crimes that the Government failed to prove.[1] The Court, being familiar with the record and the facts of this case, finds that there was more than enough evidence for the jury to return a guilty verdict as to all of the charged crimes. Therefore, the Court will deny Defendant's request for judgment of acquittal.

## II. NEW TRIAL

Pursuant to Federal Rule of Criminal Procedure 33, the Court may, on a defendant's motion, "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Whether a defendant receives a new trial "falls 'within the sound discretion of the trial court.'" *United States v. Albury*, 782 F.3d 1285, 1295 (11th Cir. 2015) (quoting *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994)). Yet the Eleventh Circuit has long cautioned that a new trial should be granted only in "exceptional cases." *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985) (quotation and citation omitted). Thus exercising such discretion to grant a new trial should be done "sparingly"—"[t]he evidence must preponderate heavily against the

[1] To the extent Defendant argues that the evidence was insufficient to support a conviction for Count Two, Defendant's argument relies solely on his statutory interpretation that the Court rejects.

verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* (citations omitted).

In support of his request for a new trial, Defendant reasserts the same four arguments addressed above and contends that they "individually and cumulatively establish significant error and denial of a fair trial." (Doc. 196 at 4). As before, Defendant's argument is conclusory and fails to cite any legal authority or record evidence showing he is entitled to the requested relief. Nonetheless, the Court does not find that the interests of justice require a new trial and accordingly will deny Defendant's request.

## III. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** that Defendant's Motion for Judgment of Acquittal, or in the Alternative a New Trial (Doc. 196) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on August 7, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record